# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

DAVID LEE EUNICE, SR.        )
                             )
    Plaintiff,            )
                             )
v.                           )    Case No. CV413-275
                             )
CYNTHIA DITSLENR, WARDEN     )
DAVID FRAZIER, DOCTOR        )
MOTLEY, DEPUTY WARDEN SUE    )
MICKENS, DOCTOR JACKSON,     )
KATHIE KENNEDY, and DEPUTY   )
WARDEN HENRY,                )
                             )
    Defendants.           )

# ORDER

Coastal State Prison inmate David Lee Eunice sues present and former prison officials under 42 U.S.C. § 1983 for denial of his dental care.[1]  Doc. 1.  He alleges that:

---

[1] Since he has completed his *in forma pauperis* (IFP) paperwork, docs. 5 & 8, the Court will now screen his case under 28 U.S.C. § 1915(e)(2)(B)(ii), which directs district courts to dismiss *sua sponte* an IFP action for failure to state a claim.  *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief, and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

The Court applies the Fed. R. Civ. P. 12(b)(6) standards here.  *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001).  Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff.  *Bumpus*

> Each defendant has shown d[e]liber[ate] indifference toward the plaintiff by not allowing and giving dental treatment. The Warden David Frazier and Kathie Kennedy ha[ve] both told the plaintiff [that] he didn't need dentures when knowing[] in order to chew food you must have teeth. [Deputy Warden] Sue Mickens [at] Washington S.P.[2] and [Deputy Warden] Henry [at Coastal State Prison] denied the plaintiff dental help by refusing to make dental do the[ir] job which is set forth by the Department of Correction by law & [standard operating procedures].
>
> Both dentist[s] [] show[ed] [no] concern for the plaintiff['s] serious medical need for dentures and [for treatment for the] gum disease "Pyorrhea" [(periodontitis)] which [] cause[d] the deter[iora]tion of the plaintiff's gums. Both dentist turned the[ir] heads and simply refused to treat the plaintiff.

Doc. 1 at 5 (footnote added). Eunice wants "dental implants for both top and bottom" plus $75,000 in damages." *Id.* at 6.

It has long been established that "deliberate indifference to [a prisoner's] serious medical needs . . . constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment."

---

*v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harm -ed-me accusation." *Id.* (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

[2] Apparently, Eunice had been housed at Washington State Prison and thus alleges that he was denied this dental treatment care, as well as at the Coastal State Prison, to which he has since been transferred. Doc. 1 at 7 (listing each defendant; three from each prison).

*Estelle v. Gamble*, 429 U.S. 97, 104 (1976).[3] To state a cognizable claim for the violation of his constitutional right to humane medical treatment, a prisoner must assert facts establishing three elements. "First, a plaintiff must set forth evidence [that he had] an objectively serious medical need." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting and citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000); *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995). Second, "a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Farrow*, 320 F.3d at 1243; *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999); *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999). And third, as is true in all tort actions, the plaintiff must also establish that the defendant's indifference proximately caused his injury. *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir.

---

[3] While *Estelle* did not define the term "deliberate indifference," it made clear that something more than mere negligence or medical malpractice is necessary to state a valid claim of inhumane treatment under the Eighth Amendment. 429 U.S. at 106; *see Farmer v. Brennan*, 511 U.S. 825 U.S. 825 (1994) (holding that "subjective recklessness as used in the criminal law is . . . the test for 'deliberate indifference,'" *id.* at 839-40, which requires proof that the prison official had *actual knowledge* of an excessive risk to inmate health or safety; therefore an official cannot be liable for his "failure to alleviate a significant risk that he should have perceived but did not," *id.* at 838).

3

2007).

To establish a sufficiently serious medical need, an inmate must demonstrate that his medical problem "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Goebert* at 1326 (citation omitted). The Eleventh Circuit has recognized that "[i]n certain circumstances, the need for dental care combined with the effects of not receiving it may give rise to a sufficiently serious medical need to show objectively a substantial risk of serious harm." *Farrow v. West*, 320 F.3d at 1243–44. Certainly, a dental condition may rise to the level of a serious medical need when the condition results in significant pain. *See Newsome v. Prison Health Services, Inc.*, 2009 WL 1469203 (S.D. Ga. May 26, 2009). In *Farrow*, the Eleventh Circuit found that a state prisoner established a serious dental need based on evidence demonstrating "pain, continual bleeding and swollen gums, two remaining teeth slicing into gums, weight loss, and [] continuing medical problems." *Farrow* at 1244–45.

While Eunice states that he suffers from gum disease and that the

prison officials should know "that in order to chew food you must have teeth," (doc. 1 at 5), he has not offered any facts showing when his dental problems arose, how many teeth he has lost, whether he is able to eat, whether he is in pain, whether he has lost weight, or the degree of progression of his "pyorrhea." Because he has not stated the degree of his impairment or shown the objective necessity for dentures, he has not carried his burden of alleging either a serious medical need or deliberate indifference on the part of the prison dentists.

And even if he amends his complaint to cure these deficiencies, his claims against Ditslenr, Henry, Frazier, Mickens, and Kennedy are nevertheless subject to dismissal. Cynthia Ditslenr is never mentioned in the body of the complaint. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this rule is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). As Eunice has failed to provide fair notice of the nature of his claim against Ditslenr,

she should be dismissed.

Eunice's claims against Warden Henry, Warden Frazier, Warden Mickens, and Kathie Kennedy appear to be premised upon their positions as supervisors at the prison. Claims brought pursuant to § 1983, however, cannot be based upon theories of vicarious liability or *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). Rather, a plaintiff must demonstrate either that these supervisory defendants directly participated in the alleged constitutional deprivations or that there is some other causal connection between the acts or omissions and the alleged constitutional deprivations. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1998) (per curiam). Liability cannot be premised upon a prison administrator's mere reliance upon the medical judgment of the prison dentists. Eunice has not alleged facts demonstrating that the warden or deputy wardens had actual knowledge that the prison dentists were treating him

inhumanely by refusing to provide him with dentures (rather than just exercising their medical judgment that dentures were not needed). *See Tittle v. Jefferson County Comm'n*, 10 F.3d 1535, 1541-42 (11th Cir. 1994) (Kravitch, J., concurring) (plaintiff must show that the supervisor's knowledge amounted to deliberate indifference to the asserted harm or risk, in that his knowledge was "so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights."); *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), aff'd, 915 F.2d 1574 (6th Cir. 1990); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Accordingly, his claims against Kennedy and the wardens fail.

The Court will permit Eunice 14 days to amend his complaint to cure the deficiencies described above.

**SO ORDERED** this 19th day of May, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA