# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| DAVID LEE EUNICE, SR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV413-275 |
| | ) | |
| CYNTHIA DITSLENR, WARDEN | ) | |
| DAVID FRAZIER, DOCTOR | ) | |
| MOTLEY, DEPUTY WARDEN SUE | ) | |
| MICKENS, DOCTOR JACKSON, | ) | |
| KATHIE KENNEDY, and DEPUTY | ) | |
| WARDEN HENRY, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

Coastal State Prison inmate David Lee Eunice sues present and former prison officials under 42 U.S.C. § 1983 for denial of his dental care. Doc. 1. His original Complaint alleged that:

> Each defendant has shown d[e]liber[ate] indifference toward the plaintiff by not allowing and giving dental treatment. The Warden David Frazier and Kathie Kennedy ha[ve] both told the plaintiff [that] he didn't need dentures when knowing[] in order to chew food you must have teeth. [Deputy Warden] Sue Mickens [at] Washington S.P.[1] and [Deputy Warden] Henry [at Coastal State Prison] denied the plaintiff dental help by refusing to make dental

---

[1] Apparently, Eunice had been housed at Washington State Prison and thus alleges that he was denied proper dental treatment at both that prison and at Coastal State Prison, to which he has since been transferred. Doc. 1 at 7 (listing each defendant; three from each prison).

> do the[ir] job which is set forth by the Department of Correction by law & [standard operating procedures].
>
> Both dentist[s] [] show[ed] [no] concern for the plaintiff['s] serious medical need for dentures and [for treatment for the] gum disease "Pyorrhea" [(periodontitis)] which [] cause[d] the deter[iora]tion of the plaintiff's gums. Both dentist turned the[ir] heads and simply refused to treat the plaintiff.

Doc. 1 at 5 (footnote added). Eunice wants "dental implants for both top and bottom" plus $75,000 in damages." *Id.* at 6.

In a prior Order, the Court recounted the governing standards, doc. 11 at 2-4, ruled that Eunice's claims failed, but then gave him a chance to amend his Complaint. *Id.* at 7. The Court illuminated the following deficiencies in his Complaint:

> (1) He has not offered any facts showing when his dental problems arose, how many teeth he has lost, whether he is able to eat, whether he is in pain, whether he has lost weight, or the degree of progression of his "pyorrhea." Because he has not stated the degree of his impairment or shown the objective necessity for dentures, he has not carried his burden of alleging either a serious medical need or deliberate indifference on the part of the prison dentists.
>
> (2) Cynthia Ditslenr is never mentioned in the body of the complaint. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this rule is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). As Eunice has failed to provide fair notice of the nature of his claim against Ditslenr, she should be dismissed.

(3) Liability cannot be premised upon a prison administrator's mere reliance upon the medical judgment of the prison dentists. Eunice has not alleged facts demonstrating that the warden or deputy wardens had actual knowledge that the prison dentists were treating him inhumanely by refusing to provide him with dentures (rather than just exercising their medical judgment that dentures were not needed. . . . Accordingly, his claims against [Kathie ] Kennedy and the wardens fail.

Doc. 11 at 5-6 (paragraph numeration added).

Eunice has since filed an amendment. Doc. 12. He alleges that from

3-13-08 to date 5-27-14, I was and still have pain in my mouth due to a gum disease. I put in medical request forms stating my problem. Dr. Motley and Dr. Jackson (DDS) saw me and told me I had to wait, I was then transferred to another prison and placed another sick call explaining that I was in pain and told them that I was having problems digesting my food and that I was in extreme pain. Doctor Motley and Jackson and G.D.C. office of health services, their successors, agents, employees and all persons acting in concert with them were and are deliberate[ly] indifferent to plaintiff['s] serious medical needs and [are] causing plaintiff unnecessary and wanton infl[i]ctin of pain . . . proscribed by the Eight Amendment.

Upon information and belief, I believe that they are retaliating against me for filing several grievances and this suit.

Doc. 12 at 3.

Of course, *duration/severity* allegations are critical here. Doctors Motley and Jackson told Eunice he must wait, but for how long? A day? Thirty? One hundred? Eunice never says, and it is common knowledge that free-world patients also must "wait for their appointment," sometimes enduring pain or discomfort, to get dental and medical care. Eunice was told, but has failed to plead, "severity" and temporality facts to support his *serious* medical need claim here (e.g., a specific defendant was aware of his pain and ignored him for X number of days). Again, he alleges "I was then transferred to another prison and placed another sick call explaining that I was in pain and told them that I was having problems digesting my food and that I was in extreme pain." But he but never says *how long* he remained on "another sick call" and *who* made the decision to keep him in that state. *Compare Jimenez v. Cox*, 473 F. App'x 520, 522 (9th Cir. 2011) ("Jimenez claims that he suffered cuts to his flesh, causing pain, bleeding, burning, swelling, bruises, numbing and permanent scarring, and that a doctor prescribed medication three weeks after he sustained his injuries[.], Thus, Jimenez has raised a triable issue whether his injury was a serious medical one. . . . Jimenez also claims that

he requested medical treatment several times over the course of three weeks, including on the day of his injury[.] Jimenez has raised a triable issue whether Appellees acted purposefully to delay treatment."); *Hooks v. Brogdon*, 2007 WL 2904009 at * 3-4 (M.D. Ga. Sep. 29, 2007) (upholding claim against qualified immunity defense: "After eight or nine days of constant pain resulting from his infected tooth, Plaintiff pulled the tooth himself.").

The remainder of plaintiff's Amended Complaint fails to plead actionable facts. Doc. 12. His grievance form and other Complaint attachments reflect communications about repairing or replacing his then existing (but broken) dentures. *E.g., id.* at 10 (his requests for "having my old and damaged dentures repaired, and/or replaced. . . ."). But the Court cannot simply *guess* at, much less plead on Eunice's behalf, the specific allegations necessary to state a claim against a specific defendant.[2]

Nor has plaintiff met the last Order's specific-defendant pleading requirements (summary points (2) & (3) above). And Eunice's

---

[2] Judges must liberally construe a *pro se* plaintiff's pleadings, but "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Boles v. Riva*, 2014 WL 1887376 at * 1 (11th Cir. May 13, 2014 (quotes and cite omitted); *Sec'y, Fl. Dept. of Corr. v. Baker*, 406 F. App'x 416, 422 (11th Cir. 2010).

"retaliation" claim is founded on no supporting facts, only a conclusory belief. It thus fails outright. *Compare Jimenez v. Cox*, 473 F. App'x 520, 521 (9th Cir. 2011) (fact issues existed as to whether correctional officer took adverse actions against state prisoner by making threatening statements and by taking steps to keep him in administrative segregation, officer's actions were in retaliation for prisoner filing a grievance against officer's stepson, officer's actions chilled the exercise of prisoner's First Amendment rights, and officer's actions reasonably advanced a legitimate correctional goal, precluding summary judgment on prisoner's First Amendment retaliation claim in § 1983 action).

Accordingly, David Lee Eunice complaint must be **DISMISSED WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this 23rd day of July, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA